IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. LONNIE J. PARKER<br>4430 Hwy 29 South<br>Hope, AR   71801 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| UNITED STATES DEPARTMENT OF<br>JUSTICE, EXECUTIVE OFFICE FOR<br>UNITED STATES ATTORNEYS<br>600 E Street, N.W., Ste. 7300<br>Bicentennial Building<br>Washington, DC 20530-0001 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1.  Plaintiff Dr. Lonnie J. Parker ("Plaintiff") brings this action to redress violations of the Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Department of Justice, Executive Office for United States Attorneys, in denying Plaintiff's April 26, 2010 FOIA request, seeking records pertaining to former Assistant United States Attorney Lesa Gail Bridges Jackson, who worked as a litigating attorney for the U.S. Attorney's Office without a valid license to practice law.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff Dr. Lonnie J. Parker, is an individual who, at all times relevant herein, has resided in Hope, Arkansas.

5.  Defendant United States Department of Justice, Executive Office for United States Attorneys, is an agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conforms with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)©.

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant, and provides jurisdiction for the federal court to review whether an agency has properly denied a request for a fee waiver. *See* 5 U.S.C. § 552(a)(4)(B).

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

13. On or about April 26, 2010, Plaintiff sent a FOIA request to the United States Department of Justice, Executive Office for United States Attorneys, seeking copies of six categories of agency records pertaining to former Assistant United States Attorney Lesa Gail Bridges Jackson, who worked as a litigating attorney for the U.S. Attorney's office in Arkansas from 1989-2001, at a time that she did not have a valid bar license to practice law in any jurisdiction.

14. On or about June 9, 2010, William G. Stewart II, Assistant Director of the Freedom of Information & Privacy Staff for the United States Department of Justice, Executive Office for United States Attorneys, responded to Plaintiff's FOIA request of April 26, 2010, indicating that this FOIA request had been received by the agency, and further indicating that the agency had elected to split Plaintiff's request into 2 separate response files, File No. 10-1782 addressing former U.S. Attorney Jackson's law license / personnel matters, and File No. 10-1783 addressing former U.S. Attorney Jackson's disciplinary matters, and further indicating that the agency would be responding with additional information on both of these requests.

15. On or about June 10, 2010, William G. Stewart II, Assistant Director of the Freedom of Information & Privacy Staff for the United States Department of Justice, Executive Office for United States Attorneys, sent a response to Plaintiff's attorney regarding File No. 10-1783 to Plaintiff's FOIA request of April 26, 2010, indicating that

it was the policy of the agency to neither confirm nor deny the existence of any records

pertaining to living third parties, and that the agency would therefore not be providing any

documents to Plaintiff in response to File No. 2010-1783 (disciplinary matters) for this

component of Plaintiff's April 26, 2010 FOIA request.

16.  On or about June 17, 2010, Plaintiff, by and through his attorney, sent an

appeal to the Department of Justice's Office of Information Policy, challenging the June

10, 2010 decision of the Executive Office for United States Attorneys in denying Plaintiff

all records responsive to the File No. 10-1783 component to his April 26, 2010 FOIA

request to the  Executive Office for United States Attorneys, and in refusing to confirm or

deny the existence of any responsive records for this portion of his FOIA request.

17.  On or about June 17, 2010 Plaintiff, by and through his attorney, sent

correspondence to Defendant United States Department of Justice, Executive Office for

United States Attorneys, inquiring as to the status of the File No. 10-1782 component of

Plaintiff's FOIA Request of April 26, 2010 to the  Executive Office for United States

Attorneys.

18.   On or about July 7, 2010, Priscilla Jones, Supervisory Administrative

Specialist of the U.S. Department of Justice Office of Information Policy, sent

correspondence to Plaintiff's attorney Daniel J. Stotter, indicating that Plaintiff's Appeal

for FOIA Request No. 10-1783 had been received on June 30, 2010, and had been

designated as FOIA Appeal No. 2010-2366.

COMPLAINT

19.  On or about August 9, 2010, William G. Stewart II, Assistant Director of the Freedom of Information & Privacy Staff for the United States Department of Justice, Executive Office for United States Attorneys, sent correspondence to Plaintiff's attorney Daniel J. Stotter, indicating that the agency had found no records responsive to the FOIA Request No. 10-1782 component to Plaintiff's FOIA request of April 26, 2010.

20.  On or about August 18, 2010, Plaintiff, by and through his attorney, sent an appeal to the Department of Justice's Office of Information Policy, challenging the August 9, 2010 decision of the Executive Office for United States Attorneys finding no records responsive to the File No. 10-1782 component to Plaintiff's April 26, 2010 FOIA request.

21.  On or about August 18, 2010 Plaintiff, by and through his attorney, sent correspondence to Defendant United States Department of Justice, Office of Information Policy, inquiring as to the status of Plaintiff's June 17, 2010 Appeal of FOIA Request No. 10-1783 (Appeal No. 2010-2366).

22.  On or about August 28, 2010, Priscilla Jones, Supervisory Administrative Specialist of the U.S. Department of Justice Office of Information Policy, sent correspondence to Plaintiff, indicating that Plaintiff's August 18, 2010 Appeal of FOIA Request No. 10-1782 had been received on August 26, 2010, and had been designated as FOIA Appeal No. 2010-2990.

23.  On or about August 30, 2010 Janice Galli McLeod, Associate Director of the

U.S. Department of Justice Office of Information Policy, sent correspondence to Plaintiff, indicating that the agency had reviewed Plaintiff's Appeal of FOIA Request No. 10-1782 (Appeal No. 2010-2990) and was affirming the decision of the Executive Office for United States Attorneys in refusing to confirm or deny the existence of responsive records and to deny providing Plaintiff with any responsive records for this component of his April 26, 2010 FOIA request.

24. On or about August 31, 2010, Priscilla Jones, Supervisory Administrative Specialist of the U.S. Department of Justice Office of Information Policy, sent correspondence to Plaintiff's attorney, acknowledging receipt of his August 18, 2010 correspondence, inquiring as to the status of Plaintiff's Appeal No. 2010-2366 for Plaintiff's FOIA Request No. 10-1783, and further indicating that the agency anticipated that it would take several weeks to issue a final determination on that appeal.

25. On or about September 21, 2010 Plaintiff, by and through his attorney Daniel J. Stotter, sent correspondence to Defendant United States Department of Justice, Executive Office for United States Attorneys inquiring as to the status of Plaintiff's Appeal No. 2010-2990, concerning Plaintiff's FOIA Request No. 10-1782.

26. On or about September 30, 2010 Janice Galli McLeod, Associate Director of the U.S. Department of Justice Office of Information Policy, sent Plaintiff's attorney a decision on Plaintiff's Appeal No. 2010-2990, concerning Plaintiff's appeal FOIA Request 10-1782, stating that the Department of Justice's Office of Information Policy

was affirming the decision of the Executive Office for United States Attorneys in finding

no records responsive to that component of Plaintiff's April 26, 2010 FOIA request.

## VII. CLAIM FOR RELIEF

### VIOLATION OF FOIA
### PLAINTIFF'S APRIL 26, 2010 FOIA REQUEST

27.  Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 27 previously set

forth herein.

28.  Defendant has violated FOIA by failing to provide Plaintiff with all non-

exempt responsive records for his FOIA request of April 26, 2010 to the Executive Office

for United States Attorneys.

29.  By failing to provide Plaintiff with all records responsive to his FOIA request

of April 26, 2010, Defendant has denied Plaintiff's right to this information as provided

by law under the Freedom of Information Act.

30.  Unless enjoined by this Court, Defendant will continue to violate Plaintiff's

legal rights to be provided with copies of the records that he has requested in his FOIA

request of April 26, 2010.

31.  Defendant has also adopted an unlawful policy and practice of refusing to

confirm or deny the existence of any responsive records concerning living third parties in

FOIA requests, and refusing to provide FOIA requesters with any responsive records for

such third party requests absent the authorization of the party that is the subject of a third

party FOIA request.

32.  Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to his April 26, 2010 FOIA request to the United States Department of Justice, Executive Office for United States Attorneys, and by the agency's unlawful policy and practice as described in paragraph 30 as applied to his FOIA request of April 26, 2010.

33.  Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review in this matter.

34.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

35.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant United States Department of Justice, Executive Office for United States Attorneys has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his April 26, 2010 FOIA request, and by adopting an unlawful policy and practice, as applied to that FOIA request, by refusing to confirm or deny the existence of any responsive records concerning living third parties, and refusing to provide FOIA requesters with any responsive records for such third party requests,

absent the authorization of the third party that is the subject of the request.

2.  Direct by injunction that Defendant United States Department of Justice, Executive Office for United States Attorneys provide Plaintiff with all non-exempt responsive records to Plaintiff's April 26, 2010 FOIA request.

3.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4.  Provide such other relief as the Court deems just and proper.

DATED: This ___1st___ day of December, 2010.

Respectfully submitted,

/S/  _____

Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. L163
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**