**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| LONNIE J. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-2068 (ABJ) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE | ) | |
| Executive Office for U.S. Attorneys, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

On December 3, 2010, plaintiff Dr. Lonnie J. Parker brought an action against defendant

U.S. Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552 *et. seq.* (2012). Compl. ¶ 1 [Dkt. # 1]. He challenged the agency's response to his FOIA

request for records relating to Lesa Gail Bridges Jackson and her unauthorized practice of law

while working for DOJ as an Assistant U.S. Attorney ("AUSA"). *Id.* Plaintiff requested six

types of documents that the agency and the Court condensed into three categories: (1) requests

for records pertaining to personnel matters and law license records; (2) request for records

pertaining to any disciplinary matters that may have involved Ms. Jackson; and (3) requests for

records regarding any remedial measures or additional policies implemented by the U.S.

Attorney's office to prevent future unauthorized practice of law by AUSAs. Mem. Op. at 2, 16

[Dkt. # 18]; *see also* Def.'s Statement of Material Facts in Support of Def.'s Mot. for Summ. J.

("Def.'s SMF") ¶ 3 [Dkt. # 7-1].

In April and May 2011, the parties filed cross-motions for summary judgment. *See* Pl.'s

Mot. for Summ. J. [Dkt. # 12]; Def.'s Mot. for Summ. J. [Dkt. # 7]. In a March 29, 2012

memorandum opinion, the Court denied both motions, Mem. Op. at 9, 15–16, and set out what

DOJ needed to do to fulfill its duties under FOIA:

- Category 1 (personnel matters and law license records):  The Court found that DOJ's search for records responsive to the first category of documents requested was not adequate.  *Id.* at 8.  DOJ spent no more than one hour on plaintiff's request and then informed plaintiff that Jackson's personnel records had been transferred to the National Personnel Records Center ("NPRC"), which is part of the National Archives and Records Administration ("NARA").  *Id.* at 6.  But when plaintiff requested the documents from NARA, NARA produced three documents to plaintiff and told him that any other responsive documents had not been "accessioned" to the NARA and continued to reside with DOJ's Records Management Office.  *Id.* at 7.  The Court explained that, based on the record, "it [was] completely unclear where the responsive documents are located and which agency has responsibility for searching and providing access to the documents."  *Id.* at 6.  The Court then remanded the case back to the agency to determine the location of the responsive records and which agency had responsibility for searching for the records and to perform an adequate search.  *Id.* at 9.

- Category 2 (disciplinary matters):  DOJ did not search for responsive records for category two.  *Id.* at 10.  Rather, it informed plaintiff that it "would neither confirm nor deny that any records existed concerning living third parties," explaining that such records, assuming any existed, would be exempt under FOIA pursuant to Exemptions (b)(6) and (b)(7)(C).[1]  *Id.* at 3.  The Court held that DOJ could not rely on Exemption 7(C) because it failed to demonstrate that the records were compiled for law enforcement purposes.[2]  *Id.* at 11–13.  With respect to Exemption 6, the Court found that there is "both a real private interest and a valid public interest" in this case and that DOJ failed to balance those interests to determine whether any responsive documents fell within Exemption 6.[3]  *Id.* at 13–16.  The Court then remanded the case to the agency to engage in the balancing required under Exemption 6.  *Id.* at 16.

- Category 3 (remedial measures):  DOJ failed to respond to plaintiff's final FOIA request, maintaining that it was "too vague to constitute a FOIA request."  Mem.

---

1       DOJ also asserted that releasing the documents, if they existed, would violate the Privacy Act, 5 U.S.C. § 552a (2012).  Mem. Op. at 10 n.2.  But the Court explained that records required to be disclosed under FOIA are exempt from the Privacy Act.  *Id.*, citing 5 U.S.C. § 552a(b)(2).

2       FOIA Exemption 7(C) exempts documents compiled for law enforcement that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).

3       FOIA Exemption 6 allows withholding of "personnel and medical files and similar files the disclosure of which "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

Op. at 16, quoting Boseker Decl. ¶ 6 n.1 [Dkt. # 7-4]. The Court rejected DOJ's assertion and found that the request was clear enough to constitute a valid FOIA request. *Id.* The Court then directed DOJ to locate any responsive documents and to either disclose them or claim an exemption. *Id.*

The parties have renewed their cross-motions for summary judgment. Def.'s Renewed Mot. for Summ. J. ("Def.'s Mot.") [Dkt. # 26]; Pl.'s Renewed Mot. for Summ. J. ("Pl.'s Mot.") [Dkt. # 27]. DOJ argues that it is entitled to judgment as a matter of law because it has released all non-exempt information after an adequate search. Def.'s Mot. at 1. Plaintiff, however, argues that DOJ has not met its burden, and he asks the Court to "allow him to undertake limited discovery in this action, in order to determine what type of search procedures are appropriate and necessary in order to locate responsive records for his FOIA request." Pl.'s Reply in Supp. of Pl.'s Renewed Mot. for Summ. J. ("Pl.'s Reply") at 9 [Dkt. # 33].

## STANDARD OF REVIEW

The district court reviews the agency's action de novo, and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *accord Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009).

In any motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence." *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). However, where a plaintiff has not provided evidence that an agency acted in bad faith, "a court may award summary judgment solely on the basis of information provided by the agency in declarations." *Moore*, 601 F. Supp. 2d at 12.

**ANALYSIS**

To prevail in a FOIA action, an agency must first demonstrate that it has made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Second, an agency must show that "materials that are withheld . . . fall within a FOIA statutory exemption." *Leadership Conference on Rights v. Gonzales*, 404 F. Supp. 2d 246, 252 (D.D.C. 2005).

## I. Category One: Personnel and Law License Records

### A. DOJ conducted an adequate search for records responsive to category one.

To demonstrate it has performed an adequate search for all relevant documents responsive to a FOIA request, an agency must submit a reasonably detailed affidavit regarding the search. *Oglesby*, 920 F.2d at 68. The D.C. Circuit has held that "reasonably detailed" affidavits or declarations must "set[] forth the search terms and the type of search performed, and aver[] that all files likely to contain responsive materials (if such records exist) were searched." *Id.*; *see also White v. DOJ*, 840 F. Supp. 2d 83, 89 (D.D.C. 2012) ("Defendant's affidavit explains what system was searched, the terms used, why it was likely to contain responsive documents, and that no other search method would reveal responsive documents. Although the affidavit could in theory be more detailed, that fact alone does not warrant denying summary judgment in favor of Defendant.").

In the March 2012 memorandum opinion, the Court stated that, with respect to category one:

> [I]t would behoove DOJ to communicate with NARA to ascertain: (1) where the records are located; (2) which agency bears responsibility to search the records in that location; and (3) the status of the accession of the records concerning Ms. Jackson to NARA's permanent collection. If

the records have not been transferred to NARA, then DOJ must provide the Court with sufficient grounds to conclude that its search has been adequate.

Mem. Op. at 9. Now, DOJ has fulfilled these obligations.

DOJ has submitted a declaration that sets forth the search terms and the type of search conducted. *See* Vanek Decl. ¶¶ 4–5 [Dkt. # 26-4]. It explained that all responsive records for category one are likely to be in Jackson's Official Personnel Folder ("OPF") because the OPF contains all performance related records, including information regarding an employee's status and service, personnel actions, and law license records. *See* Mem. in Supp. of Def.'s Renewed Mot. for Summ. J. ("Def.'s Mem.") at 4 [Dkt. # 26-2]; Def.'s Reply to Pl.'s Opp. to Def.'s Renewed Mot. for Summ. J. and Opp. to Pl.'s Renewed Mot. for Summ. J. ("Def.'s Reply") at 2 [Dkt. # 32], citing 5 C.F.R. § 293.304 (2013). DOJ further stated that it contacted the NPRC for Jackson's OPF because an employee's OPF is transferred to the NPRC after employment ends. Def.'s Mem. at 4; Def.'s Reply at 2, citing 5 C.F.R. § 293.307(a) (stating that a federal employee's OPF must be transferred to the NPRC no more than 120 days after separation from government service); *see also* Vanek Decl. ¶ 4. Finally, DOJ explained that the NPRC searched for and located Jackson's OPF using her name and social security number. Vanek Decl. ¶ 5.

Plaintiff contends that the search was inadequate because it failed to uncover "documents demonstrating Ms. Jackson's false representations of her attorney licencing [sic] status to the EOUSA for the years 1989, 1997, 1998, and 1999." Pl.'s Reply at 6. Plaintiff bases this allegation on court documents from Jackson's bar disciplinary action that state that, during her employment as an AUSA, Jackson "filed certification documents with the United States Attorney's Office in 1989, 1997, 1998, and 1999, falsely stating that she was a member of good standing of a state bar, when she was not." *Id.* at 6–7, citing KBA's Response to Verified Mot.

for Consensual Discipline, Ex. B to 2d Stotter Decl. at 2, *Bridges v. Kentucky Bar Association*, Case No. 11-SC-214 (Ky. Apr. 14, 2011) [Dkt. # 27-3]. But the *Vaughn* index indicates that the OPF contained Jackson's 1989 certification of her licensing status, and DOJ released that document to plaintiff after redacting Jackson's signature. *See Vaughn* Index at 4 [Dkt. # 23-1]; *see also* Vanek Decl. ¶¶ 6–7. And the fact that Jackson's OPF did not include her license certifications from other years does not make DOJ's search inadequate. *See Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004) (stating that it is well-established that an "agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records"); *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant.").

Plaintiff also challenges the adequacy of the search on the grounds that the Vanek declaration does not explain why the OPF "would be the only location likely to have any responsive records as to each of the six subjects sought in Plaintiff's FOIA request." Pl.'s Mem. in Supp. of Pl.'s Renewed Mot. for Summ. J. and in Opp. to Def.'s Mot. for Summ. J. ("Pl.'s Mem.") at 7 [Dkt. # 27-1]. But at this stage, the Court is only addressing whether defendant's search for documents responsive to category one is adequate, and plaintiff's arguments as to whether the OPF contains information responsive to categories two or three is not relevant to this analysis. Therefore, with respect to category one, the Court concludes that DOJ has met its burden of demonstrating it conducted a search that was reasonably calculated to uncover all

responsive documents because it has explained that Jackson's OPF was likely to contain the relevant documents, and it searched for and actually located the folder.

### B. DOJ has not fulfilled its duty to reasonably segregate and produce non-exempt records under Exemption 6.

FOIA Exemption 6 bars disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). A determination of proper withholding under Exemption 6 requires "weigh[ing] the 'privacy interest in non-disclosure against the public interest in the release of records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999), quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 f.2d 873, 874 (D.C. Cir. 1989). Moreover, the agency has a duty to engage in this balancing test before deciding whether to disclose or withhold each record. *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598 F. Supp. 2d 93, 96 (D.D.C. 2009) ("[A]n agency must, for each record, conduct a particularized assessment of the public and private interest at stake.").

Plaintiff challenges defendant's withholding of four documents – documents 47, 48, 50, and 51 – under Exemption 6. Pl.'s Mem. at 10; *see also Vaughn* Index 46–47, 49–50.[4] Documents 47, 48, and 50 are each one-page forms reflecting two salary adjustments and AUSA Jackson's resignation, and Document 51 is a similar form reflecting a request for a change in employment status. *Vaughn* Index at 46–47, 49–50. AUSA Jackson's letter of resignation is attached to Document 51. *Id.* at 50.

---

4      Since plaintiff has not challenged defendant's withholdings of the remaining documents in the OPF, the Court will treat the validity of those withholdings as conceded. *See Fischer v. DOJ*, 723 F. Supp. 2d 104, 110 (D.D.C. 2010) (holding that the court may properly treat as conceded any exemptions and categories that plaintiff does not address in its opposition).

The first step in the balancing test under Exemption 6 is to determine whether there is an individual privacy interest in the material withheld. *Horner*, 879 F.2d at 874. Personal identifying information – such as a person's signature, address, phone number, date of birth, criminal history, medical history, and social security number – are protected under Exemption 6. *See, e.g.*, *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 600 (1982); *Horner*, 879 F.2d at 875; *Taitz v. Obama*, 754 F. Supp. 2d 57, 60 (D.D.C. 2010); *Brannum v. Fitzgerald*, 377 F. Supp. 2d 75, 84 (D.D.C. 2005). Exemption 6 also protects information related to a person's employment status and employment history. *Horner*, 879 F.2d at 875; *Nat'l Right to Work Legal Def. & Educ. Found., Inc. v. U.S. Dep't of Labor*, 828 F. Supp. 2d 183, 191 (D.D.C. 2011). However, Office of Personnel Management Regulation 5 C.F.R. § 293.311(a)(1)–(2), (a)(4) provides for the release to the public of a person's name, present and past position titles, and present and past annual salary rates.[5]

The second step in an Exemption 6 analysis is to weigh the public interest in disclosure against the legitimate privacy interest that the court has found. *Horner*, 879 F.2d at 874. The Supreme Court has held that "the only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up

_____

[5]    5 C.F.R. § 293.311 provides:

> (a) The following information from both the OPF and employee performance file system folders, their automated equivalent records, and from other personnel record files that constitute an agency record within the meaning of the FOIA and which are under the control of the Office, about most present and former Federal employees, is available to the public: (1) Name; (2) Present and past position titles and occupational series; . . . (4) Present and past annual salary rates (including performance awards or bonuses, incentive awards, merit pay amount, Meritorious or Distinguished Executive Ranks, and allowances and differentials) . . . ."

to.'" *U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 497 (1994), quoting

*DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989); *see also Schwaner v.*

*Dep't of Air Force*, 898 F.2d 793, 800 (D.C. Cir. 1990) ("[T]he question is whether the

information sought would improve the public's understanding of the way in which government

operates.").

The Court has already determined that there is a valid public interest in knowing how

DOJ handles the investigation of unlicensed attorneys. Mem. Op. at 15.[6] Plaintiff argues that

there is a public interest in the release of the contested documents because they demonstrate that

Jackson received a pay increase while DOJ was investigating her unauthorized practice of law.

Pl.'s Mem. at 11.

The Court has reviewed the disputed documents *in camera*. Documents 47 and 48 reflect

changes in Jackson's salary. *See Vaughn* Index at 46–47. These documents relate to plaintiff's

articulated public interest because they demonstrate how DOJ handled Jackson's salary

adjustments immediately before she resigned. This public interest outweighs any privacy

interest because information about "present and past annual salary rates" is already publicly

available under 5 C.F.R. § 293.311(a)(4). *See Gonzales*, 404 F. Supp. 2d at 257 (stating that

there is no privacy interest in information that is publicly available from the Office of Personnel

Management under 5 C.F.R. § 293.311).

Documents 50 and 51 memorialize Jackson's resignation, and in particular, document 51

"reflects action by the agency to effectuate Ms. Jackson's separation from government service."

---

6    *See also* Mem. Op. at 2, quoting Def.'s SMF ¶ 3 (explaining that plaintiff has asserted
that the disclosure of the records requested "would serve the public interest by promoting
government transparency, disclosing whether 'there are safeguards and verification procedures
used by the U.S. Attorney's Office to prevent against circumstances' involving unlicensed
Assistant U.S. Attorneys, and determining whether DOJ had taken 'corrective actions or policies
or remedial measures'").

Def.'s Reply at 4. These documents also relate to plaintiff's stated public interest because they illuminate how DOJ effectuated the separation of an unlicensed attorney. Although Jackson has some privacy interest in the change in her employment status, the fact that she resigned is public knowledge, and plaintiff's interest in these documents is focused on how DOJ processed her resignation. The public interest in DOJ's processes outweighs the AUSA's minimal privacy interest in the already disclosed fact that she resigned. And since the attached resignation letter contains no arguably private information beyond the mere fact of the resignation, the balance favors disclosure of that as well.

Defendant contends that it withheld each document in its entirety because plaintiff's articulated public interest would not be served by the release of the biographical information contained in the forms and redacting that biographical information "would result in the release of a blank form." *Id.* at 4. But the contested documents contain more than biographical information. They contain information regarding salary adjustments and the agency action to effectuate Jackson's resignation, which the Court has determined must be disclosed. If a record contains information that is exempt from disclosure, any reasonably segregable information in the record must be released after deleting the exempt portions, 5 U.S.C. § 552(b), unless the non-exempt portions are "inextricably intertwined with exempt portions," *Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 18 (D.D.C. 2004), quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) (internal quotation marks omitted). Here, the non-exempt portions are not "inextricably intertwined with exempt portions" because they can easily be redacted. Therefore, DOJ is ordered to produce the contested documents after redacting all personal exempt information, such as signatures, date of birth, social security number, addresses, health and life insurance information, and third-party information.

## II. Categories Two and Three

In the March 2012 opinion, the Court directed DOJ to search for documents responsive to categories two and three and to disclose any non-exempt material. Mem. Op. at 15–16. But in its renewed motion for summary judgment and its declaration, DOJ did not discuss its search for documents responsive to categories two or three at all. In its reply, DOJ briefly mentioned that disciplinary records would also be kept in the OPF and that it conducted a search for records relating to remedial measures that DOJ may have adopted. *See* Def.'s Reply at 2–3. But these cursory references in a pleading are insufficient to meet defendant's burden to demonstrate that DOJ has fulfilled its obligations under FOIA. Therefore, the Court will remand the case back to the agency to conduct an adequate search and produce all segregable non-exempt information or to submit a supplemental declaration adequately demonstrating that it has complied with its duties to respond to plaintiff's request for documents that fall within categories two and three.

**CONCLUSION**

For the reasons stated above, the Court will deny DOJ's motion for summary judgment without prejudice, deny plaintiff's motion as moot, and remand the matter to DOJ for further action consistent with this opinion. In particular, with respect to category one, DOJ is ordered to produce documents 47, 48, 50, and 51 in the *Vaughn* Index after redacting all personal exempt information, including signatures, date of birth, social security number, addresses, health and life insurance information, and third-party information. With respect to the second two categories, DOJ is ordered conduct an adequate search and produce all segregable non-exempt information to plaintiff or to submit a supplemental declaration adequately demonstrating that it has complied with its duties to respond to plaintiff's request for documents that fall within categories two and three. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: September 30, 2013