UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LONNIE J. PARKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES )<br>DEPARTMENT OF JUSTICE )<br>)<br>)<br>Defendant. )<br>) | Civil Action No.: 10-2068 (ABJ) |

**DEFENDANT'S MOTION TO STAY DISCLOSURES
ORDERED ON SEPTEMBER 23, 2014
UNTIL SIXTY DAYS AFTER DATE OF THE ORDER**

On September 23, 2014, the Court entered an Order and Memorandum Opinion in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Part of the Court's Order and Memorandum Opinion directed the Defendant to disclose particular documents. *See* Order, ECF No. 54; Mem. Op., ECF No. 55 at 17-18. On September 24, 2014, the Court issued a Minute Order directing Defendant to make this disclosure by October 10, 2014. Defendant has been ordered to disclose certain information before the conclusion of the sixty (60) day period from the entry of order in which Defendant may file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B).

Accordingly, in order to preserve its right to appeal, and to allow sufficient time for an appeal determination to be made, the Defendant seeks a stay of the September 23, 2014 Order to disclose information, until sixty (60) days after the date of entry of the Court Order. Of course, Defendant recognizes that to the extent that Defendant decides not to appeal the injunction, disclosure would be appropriate promptly after that decision is made.

A refusal to issue a stay will irreparably harm the Defendant's right to appeal the Court's Order to disclose documents and information.  Defendant's right to meaningful review of the disclosure order will become moot upon disclosure of the documents because confidentiality will be lost for all time and the status quo could never be returned.  *See, e.g.*, *Rosenfeld v. United States Dep't of Justice*, 501 U.S. 1227, 1227 (1991) (granting a full stay of orders to disclose documents under the FOIA pending appeal).  Compared to the harm caused by denying a stay, the harm to Plaintiff in granting a stay is minimal.  Therefore, the balance of the equities tips heavily in favor of the requested stay.

For these reasons, Defendant respectfully requests that the Court stay the Defendant's obligation to disclose the documents described in the Court's September 23, 2014 Memorandum Opinion until (a) sixty (60) days after entry of the September 23, 2014 Order; or (b) Defendant determines that it will not seek appeal of the Court's injunction; whichever is earlier.[1]  A proposed order is attached.

---

[1] Pursuant to Local Rule 7(m), undersigned counsel contacted Plaintiff's counsel for consent to the relief requested in this motion but has not heard back as of the time of this fling.

Dated: October 9, 2014
Washington, D.C.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division


By: */s/ Shuchi Batra*
SHUCHI BATRA
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
Tel:  (202) 252-2571
Fax:  (202) 514-8780
Shuchi.Batra@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of October 2014, I served a true and correct copy of the foregoing *Defendant's Motion to Stay Disclosures Ordered on September 23, 2014 Until Sixty Days After Date of the Order* through ECF on Plaintiff's counsel of record:

Daniel J. Stotter
STOTTER & ASSOCIATES LLC
408 SW Monroe Avenue
Suite M210E
Corvallis, OR 97333
dstotter@qwestoffice.net

>*/s/ Shuchi Batra*
>Shuchi Batra